# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALAN SCOTT HANES,
Appellant,

vs.

JAMES DZURENDA, DIRECTOR,
NDOC; AND HAROLD WICKHAM,
WARDEN, WSCC,
Respondents.

No. 71202

FILED

OCT 3 0 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Alan Scott Hanes suggested that he was entitled to work credits pursuant to NRS 209.4465(2) because he was ready and willing to work. Because NRS 209.4465(2) requires prisoners to perform work to earn the credits and Hanes did not allege that he performed any work that would entitle him to those credits, we conclude that he is not entitled to relief on this claim.

Hanes also argued that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Hanes' claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017). There, we held that credits apply to parole

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-37098

eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Hanes is serving sentences pursuant to such a statute, for the weapon enhancements related to two robberies committed on or between July 17, 1997, and June 30, 2007. *See* NRS 193.165 (1995) (providing sentence for weapon enhancement based on sentence for primary offense); NRS 200.380 (setting forth sentencing range for robbery). Consistent with *Williams*, the credits that Hanes has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentences he is serving. The district court erred in ruling to the contrary.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]If Hanes has already expired the sentence or appeared before the parole board on the sentence, then the court cannot grant any relief. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. As such, the district court cannot grant any relief on Hanes' sentences for robbery because he already discharged or was paroled from those sentences. It is unclear from the record whether Hanes has appeared before the parole board on the enhancement sentences. The district court may consider any evidence in that respect on remand.

cc: Hon. James Todd Russell, District Judge
Alan Scott Hanes
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A